JOHN J. MILLER *vs.* MEAD-MORRISON MANUFACTURING COMPANY.

Middlesex.    January 17, 1913. — February 26, 1913.

Present: RUGG, C. J., MORTON, LORING, BRALEY, & SHELDON, JJ.

*Negligence,* Employer's liability.

A young man, who for about two days and a half has been operating a machine for cutting steel that requires frequent oiling and is injured by reason of his inadvertence in allowing the nozzle of an oil can that he is holding to come in contact with the revolving cutter, cannot recover from his employer for such injury.

TORT for personal injuries sustained by the plaintiff on September 30, 1910, when he was in the employ of the defendant and had been put at work upon a milling machine in the defendant's factory. Writ dated October 7, 1910.

In the Superior Court the case was tried before *Fox,* J. It appeared that the plaintiff, a young man about twenty-three years of age, entered the employ of the defendant on August 29, 1910, and that at the time of his injury he had been operating the milling machine for about two days and a half; that the machine was one for cutting keyways in pieces of steel intended for shafting; that the plaintiff had been instructed to keep the steel well oiled so that it would not get hot and so that the cutter would

cut well; "that he thought that if the end of the nozzle [of the oil can] came in contact with the cutter it would cut the end of the nozzle off; that he thought, if it was sharp enough to cut the steel, it would cut the end of the can and no accident could happen; that the day before the accident he had an oil can with a nozzle about five or six inches long and that, as he was oiling, the nozzle got caught and the end of it was cut off; that his hand was not drawn in on that occasion; but that on the day of the accident he was standing on the side of the machine holding the oil can at an angle; that he was oiling between the work and the cutter; that he had his left hand over the lever waiting to shut the machine off, and was about to finish the work, when the cutter caught hold of the end of the nozzle and pulled his right hand in and took part of the index finger of his right hand off."

At the close of the plaintiff's evidence, the judge ordered a verdict for the defendant and in accordance with an agreement of the parties reported the case for determination by this court with the stipulation that, if there was any evidence to submit to the jury judgment should be entered for the plaintiff in the sum of $750 and costs; otherwise, that judgment should be entered for the defendant.

*F. J. Carney*, for the plaintiff.

*C. S. Knowles*, for the defendant.

SHELDON, J.   We see no ground upon which the plaintiff can recover.   His injury was not due to any defect in the machine upon which he was working, or to any negligence of the defendant or of any one for whom it was responsible either under the statute or at common law.   He needed no further instruction than he had received.   We do not need to go over the evidence.   Looking at it in connection with the exhibits which were used at the trial and were produced before us, it is manifest that the plaintiff was injured because of his own inadvertence in allowing the nozzle of his oil can to come in contact with the revolving cutter, which with everything connected therewith was plainly in his sight. Upon the terms of the report, judgment must be entered upon the verdict for the defendant.

*So ordered.*